UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:19-CR-207-TAV-HBG-5 |
| RHONDA M. DUKES | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for jail time credit [Doc. 134]. In her motion, defendant requests jail credit for time served between her indictment and sentencing.

Defendant's request must be denied, however, because "[t]his Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b)." *United States v. Williams*, No. 05-20377-JDB, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008). While the Court may make certain recommendations to the Bureau of Prisons, "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (first citing 18 U.S.C. § 3585(b); and then citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons.").

If the Bureau of Prisons declines to credit defendant's time served, defendant may then raise her claims through the Bureau's Administrative Remedy Program. *Setser v.*

*United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, *et seq.*). After exhausting administrative remedies, defendant may then petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition which must be filed in defendant's district of confinement. *Id.*

Accordingly, defendant's motion for jail credit [Doc. 134] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE